## LINDSLEY v ULRICH, Exrx.

Ohio Appeals, 1st Dist, Hamilton Co

No 5031. Decided April, 1936

George S. Hawke, Cincinnati, for appellant.

C. E. Frey, Cincinnati, and John G. Dossman, Cincinnati, for appellee.

### OPINION

By HAMILTON, J.

Plaintiff below, Flora B. Ulrich, as executrix of the estate of her husband Edward B. Ulrich, brought suit against the defendant below George B. Lindsley, upon two promissory notes, one in the sum of $2540.00, with interest at 6% from July 8th, 1918, the date of the note, and one for $200.00, with interest at 6% from August 25th, 1918. This note was under date of June 25th, 1918.

In her amended petition, the executrix pleaded that the defendant after executing the notes, absconded and concealed himself and became a citizen of Kentucky, and has resided there ever since, and has been without the jurisdiction of the State of Ohio since the issuance of the notes and could not be found within the jurisdiction of the State of Ohio.

This allegation, if established, would bring the claim within §11228 GC, the saving clause as to the bar of the statute of limitations.

The answer as to each cause of action in a first defense admits the execution of the note, but denies generally the other allegations of the petition. In a second defense. consideration is denied. In a third defense, the answer

pleads the bar of the statutes. In a fourth defense, it is claimed that the facts are insufficient to constitute a cause of action.

By leave of court a reply to the answer was filed denying generally the allegations of the answer.

The case was tried to the court and jury.

At the close of all the evidence, both parties moved for an instructed verdict. While the motions were not in good form, the substance thereof put the question to the court for decision on the merits.

The court overruled defendant's motion and granted the motion of plaintiff. The amount due on the notes was not in dispute and the court directed the jury to return a verdict for the full amount claimed. To the judgment entered on that verdict, error is prosecuted to this court.

The first claim of error is that plaintiff lacks capacity to maintain the action. The defendant introduced the records of the Probate Court showing that on February 23, 1934, a final account of the executrix was confirmed. It is claimed this completely closed the estate and that plaintiff was no longer executrix and could not, therefore, in such capacity file this suit on December 8, 1934.

The law is that while choses in action remain in the hands of the executor unadministered, his authority to administer the same is not extinguished by order of court made upon what purports to be the settlement of the final account. See **Weyer et v Watt, Exr., 48 Oh St 545.**

The evidence fully supports the allegation in the amended petition that defendant was absent from the state thus preventing the running of the statute of limitations. This is no bar of the statutes. The evidence supports adequate consideration. The consideration for one note was borrowed money and the consideration for the other was money advanced by plaintiff's decedent for the benefit of the defendant, and his obligation to pay was acknowledged by him when he executed the note.

The trial court was correct in his conclusions and properly instructed the verdict for plaintiff for the full amount.

The judgment is affirmed.

ROSS, PJ. & MATTHEWS, J., concur.